PAYNE, J.,
for the Court:
PROCEDURAL HISTORY
¶ 1. This is an appeal from the Franklin County Circuit Court where a jury convicted appellant Terry L. Lee of possession of cocaine in violation of Miss.Code Ann. § 41-29-139 (Supp.1999). Lee was sentenced as an habitual offender to serve sixteen years in the custody of the Mississippi Department of Corrections without possibility of probation or parole. Feeling *1026 aggrieved of his conviction and sentence, Lee now appeals to this Court.
FACTS
¶ 2. The incident in question occurred on the evening of October 24, 1998, in Bude, Mississippi. On this night, Deputy William Rouse and Deputy Otis Dyer of the Franklin County Sheriffs Department were patrolling with Agent Art Thomas of the Mississippi Bureau of Narcotics. Upon noticing a car with the light out on its rear license plate, Deputy Rouse followed the vehicle and turned on his blue lights to signal the driver to pull over. The driver of the car, appellant Terry Lee, then ran through a stop sign and fled from the officer, pulling into an apartment complex parking lot and tossing something out the window before ultimately stopping in the next yard. Deputy Rouse told Deputy Dyer and Agent Thomas to search the parking lot where Lee threw something out the window. Upon searching, Deputy Dyer found a bag of marijuana and a chapstick vial which contained thirteen rocks of crack cocaine. Officer Rouse testified these items were consistent with what he perceived he had seen Lee throw from the car window.
ARGUMENT AND DISCUSSION OF THE LAW
STANDARD OF REVIEW
¶ 3. In this petition, appellant Terry Lee raises the following issues for our review:
I. THE EVIDENCE LACKS THE SUFFICIENCY NECESSARY TO SUPPORT A CONVICTION AND THE DEFENSE’S MOTION FOR DIRECTED VERDICT SHOULD HAVE BEEN GRANTED.
II. THE TRIAL COURT’S SENTENCE OF SIXTEEN YEARS WAS IMPROPER.
III. THE APPELLANT’S REQUEST FOR A NEW TRIAL SHOULD HAVE BEEN GRANTED.
¶ 4. Concerning the first issue, a motion for judgment notwithstanding the verdict or directed verdict goes to sufficiency of the evidence. Our standard of review concerning the trial court’s denial of JNOV or directed verdict is described in McClain v. State, 625 So.2d 774 (Miss.1993):
In appeals from an overruled motion for JNOV the sufficiency of the evidence as a matter .of law is viewed and tested in a light most favorable to the State. The credible evidence consistent with [defendant’s] guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. ... We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
McClain, 625 So.2d at 778 (citations omitted).
¶ 5. The second issue concerns Lee’s sentence and whether or not it was disproportional to the crime committed as to constitute cruel and unusual punishment in violation of the Eighth Amendment.
As a general rule, a sentence will not be disturbed on appeal so long as it does not exceed the maximum term allowed by statute. However, where a sentence is “grossly disproportionate” to the crime committed, the sentence is subject to attack on the grounds that it violates the Eighth Amendment prohibition of cruel and unusual punishment.
Stromas v. State, 618 So.2d 116, 122 (Miss.1993).
¶ 6. Lee’s final issue regards his request for new trial. As with the sufficiency of evidence standard, our standard of review regarding a motion for new trial is also stated in McClain v. State, 625 So.2d 774 (Miss.1993):
Matters regarding the weight and credibility of the evidence are to be resolved by the jury....
*1027 Moreover, the challenge to the weight of the evidence via motion for a new trial implicates the trial court’s sound discretion. Procedurally such challenge nee? essarily invokes [Uniform Circuit and County Court Rule 10.05]. New trial decisions rest in the sound discretion of the trial court, and the motion should not be granted except to prevent an unconscionable injustice. We reverse only for abuse of discretion.
McClain, 625 So.2d at 778-81 (citations omitted). Applying the aforementioned standards of review to the case sub jtidice, we find no error in the trial court’s rulings and affirm on all issues.
ANALYSIS OF THE ISSUES PRESENTED
I. THE EVIDENCE LACKS THE SUFFICIENCY NECESSARY TO SUPPORT A CONVICTION AND THE DEFENSE’S MOTION FOR DIRECTED VERDICT SHOULD HAVE BEEN GRANTED.
¶ 7. Lee argues both that the sufficiency of evidence did not support a verdict and that his motion for directed verdict should have been granted. First, with sufficiency, Lee argues essentially that since all the evidence was circumstantial, the jury should not have reached the conclusion it did. In his brief, Lee essentially reargues the case that was made to the jury stating such verdict “shocks the conscious of fair-minded and just thinking people” and that “supposition, speculation, guess work, and unfounded assumptions should not be allowed to determine a person’s guilt or innocence.” These allegations are not justified and taking the evidence in light most favorable to the State, we must uphold Lee’s conviction.
¶ 8. The Mississippi Supreme Court addressed a similar situation in Boyd v. State, 634 So.2d 113 (Miss.1994). In Boyd, the officer testified he saw Boyd throw something across the bedroom and another officer found two rocks of crack cocaine in the area where the officer saw Boyd make the toss. The Boyd court referred to the case of Hicks v. State, 580 So.2d 1302 (Miss.1991).
Hicks clearly stands for the proposition that actual possession of drugs can be established by testimony from an officer that he observed the defendant tossing an object which was subsequently located at the same site and, upon examination of the object, it was determined to be a controlled substance.
Boyd, 634 So.2d at 116. As well, the Boyd court cited Givens v. State, 618 So.2d 1313 (Miss.1993), which is factually similar to the case sub judice. In Givens, the police officer testified that he saw the defendant throw a bag down to the ground, though the officer lost sight of the bag for a short period of time, no fingerprints were found on such bag, and the officer had not previously searched the grounds near where the bag fell. The officer subsequently identified the bag containing the cocaine as the same item he saw the defendant throw to the ground. The Givens court found that the officer’s testimony constituted direct evidence placing the controlled substance within the physical possession of the defendant. Id. at 1319.
¶ 9. The present case is not unlike Boyd or Givens or Hicks. Finding these cases to be controlling for the described reasons, we affirm Lee’s conviction as a reasonable fair-minded juror could find the testimony presented to be incriminating beyond a reasonable doubt.
II. THE TRIAL COURT’S SENTENCE OF SIXTEEN YEARS WAS IMPROPER.
¶ 10. Lee argues his sentence was too harsh and that it constitutes cruel and unusual punishment as disproportional to the crime committed. We disagree. Lee cites the case of Davis v. State, 724 So.2d 342 (Miss.1998), in support of his argument. In Davis, the defendant was a young mother who had been convicted of selling cocaine within 1,500 feet of a church. Such violation was accompanied by an enhanced sentence, pursuant to stat *1028 ute. The judge found the imposition of the sixty-year maximum sentence to essentially be a life sentence, since Davis would be in her late seventies before eligible for parole. Id. at ¶ 8. On appeal, the court remanded for re-sentencing to allow the trial judge to state his reasons for imposing the sentence. Id. at ¶ 17.
¶ 11. The present case is unlike Davis in that Lee has only been sentenced to sixteen years. Lee is only thirty-six years old now, and in sixteen years when his term expires he will be fifty-two. As well, Lee has two prior felonies on record, both from Los Angeles, California. The first felony conviction was for a 1983 burglary for which Lee received a sentence of three years imprisonment. Lee’s other felony conviction was in 1988 for two counts of possession of cocaine for which he received a sentence of one year on each of those counts. For the present offense, Lee was convicted and sentenced pursuant to Miss. Code Ann. § 41-29-139,[1] which imposes a maximum sentence of eight years. Since Lee had twice before been convicted of felonies, his sentence was doubled to sixteen years, pursuant to § 41-29-147.[2] In his sentencing order, the judge analyzed Lee’s situation, noting his prior felony convictions and justifying the present sentence by virtue of Lee’s past behavior. There is no error in this sentence.
III. THE APPELLANT’S REQUEST FOR A NEW TRIAL SHOULD HAVE BEEN GRANTED.
¶ 12. Lee also argues his motion for new trial was improperly denied. Again, Lee argues insufficient evidence exists to support his conviction. The evidence in this case primarily included testimony from three officers and physical evidence from the scene. Reviewing all testimony and evidence presented to the court, as heretofore described in this opinion, there has been no abuse of discretion, nor would an unconscionable injustice result were the conviction to stand. This issue is without merit.
CONCLUSION
¶ 13. Finding no merit to any of Lee’s issues, we now affirm the Franklin County Circuit Court.
¶ 14. THE JUDGMENT OF THE FRANKLIN COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF COCAINE AND SENTENCE OF SIXTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT POSSIBILITY OF PROBATION OR PAROLE AND FINE OF $10,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
McMILLIN, C. J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, AND THOMAS, JJ„ CONCUR.

. "Any person who violates this subsection with respect to: (1) A controlled substance classified in Schedule I or II, except marihuana, in the following amounts shall be charged and sentenced as follows: ... (c) Two (2) grams but less than ten (ÍO) grams or ten (10) dosage units but less than twenty (20) dosage units, by imprisonment for not less than four (4) years nor more than sixteen (16) years and a fine of not more than Two Hundred Fifty Thousand Dollars ($250,000.00).” Miss.Code Ann. § 41-29-139 (Supp.1999).

. "Except as otherwise provided in Section 41-29-142, any person convicted of a second or subsequent offense under this article may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both. For purposes of this section, an offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this article or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant or hallucinogenic drugs.” Miss.Code Ann. § 41-29-147 (Rev. 1993).