811 So.2d 380 (2001)
Eric PEET, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KA-01966-COA.
Court of Appeals of Mississippi.
February 20, 2001.
*381 Thomas L. Kesler, Columbus, Attorney for Appellant.
Office of the Attorney General by Deirdre McCrory, Attorney for Appellee.
Before McMILLIN, C.J., PAYNE, and LEE, JJ.
LEE, J., for the Court:
¶ 1. Eric Peet was convicted of fondling. Feeling aggrieved by his conviction Peet asserts the following issues on appeal: (1) whether the trial judge erred when he denied the jury instruction submitted by Peet regarding reasonable doubt, and (2) whether there was a lack of sufficient evidence to support the verdict of guilty of fondling. Finding these issues without merit, we affirm.

FACTS
¶ 2. C.D. testified that she and her sister had spent the night with her aunt and Peet, her aunt's friend. The next morning was a school day, and Peet woke them up to get ready for school. Peet instructed one of the girls to go get in the shower. C.D. bathed first.
¶ 3. C.D. explained that while she was in the shower, Peet entered the bathroom and instructed C.D. to let him look at her. In response to his request, C.D. stated that she put her arms over herself and her legs together and her knees to her stomach. To no avail, Peet continued to request C.D. to expose herself to him. Thereafter, C. D.'s sister entered the bathroom and commanded Peet to leave, as well as zip his pants. Peet responded to the sister's demands by informing her that he could "run around the house naked" if he so desired. Subsequently, Peet removed his clothing. Peet then exited the bathroom, and C. D.'s sister locked the bathroom door. After getting out of the tub, C.D. dressed and exited the bathroom.
¶ 4. It was at this time that Peet, who was still unclothed, approached C.D. from behind and proceeded to rub her breasts with his hands and her buttocks with his penis. C.D. and her sister requested Peet to stop. Peet was only deterred from his course of action when C. D.'s sister informed him that someone was outside of the house for him because he was in possession of drugs. Eventually, Peet delivered the girls to school.
¶ 5. Once at school, C.D. explained the morning's events to a school counselor. The counselor stated that at the time she spoke with C.D. about the fondling she was almost hysterical.
¶ 6. At trial, C. D.'s younger sister and the school counselor essentially described the fondling encounter as testified to by C.D. Additionally, Robert Williams, an investigator for the Lowndes County Sheriffs Department, who interviewed C.D. and her sister, testified that although the girls' statements were taken at separate times there was not anything that made him believe the statements were inaccurate.
*382 ¶ 7. In Peet's defense, C. D.'s aunt, who after the occurrence became Peet's wife, testified that prior to C. D.'s accusations regarding the fondling she had been upset with her and Peet. The aunt alleged that a few days prior to the alleged fondling incident, C.D. was "ranting and raving, jumping up and down, saying that she hated me and she hated him cause I took her best friend away from her and that'sshe just was screaming and hollering, carrying on, crying actually."
¶ 8. Peet testified on his own behalf and denied fondling C. D.

DISCUSSION

I. WHETHER THE TRIAL JUDGE ERRED WHEN HE DENIED THE JURY INSTRUCTION SUBMITTED BY PEET REGARDING REASONABLE DOUBT.
¶ 9. Peet argues that the trial judge committed error when he refused one of his jury instructions defining reasonable doubt on the basis that it was argumentative. When an appellate court reviews the issue of a denied jury instruction, we give the trial court substantial discretion; we are to determine if the jury was accurately instructed and that the instructions given are based on the proof presented by each party during the trial. Cohen v. State, 732 So.2d 867, 872(¶ 13) (Miss.1998). It has been stated numerous times by the Mississippi Supreme Court that "[a] defendant is entitled to have jury instructions given which present his theory of the case; however, this entitlement is limited in that the court may refuse an instruction which incorrectly states the law, is fairly covered elsewhere in the instructions, or is without foundation in the evidence." Id. In the case at bar, while one of Peet's instructions regarding reasonable doubt was denied, the record reveals that there was still a proper instruction given to the jury regarding this matter. See Simpson v. State, 497 So.2d 424, 430 (Miss.1986).
¶ 10. The jury instruction which was given reads as follows:
The [c]ourt instructs the [j]ury that under the law, the terms "reasonable doubt" as used by the [c]ourt in instructions to juries as the law in the trial of cases, is a sacred and substantial right of this [d]efendant, given and guaranteed unto him by the law of the land, and that such reasonable doubt may arise from the testimony, or the lack of testimony, and that under the law, it is the sworn duty of the [j]ury, and each member thereof, that if there is a reasonable doubt in the mind of any member of this [j]ury as to the guilt of the [d]efendant, it is your duty to return a verdict of "not guilty."
In response to the granting of the aforementioned instruction counsel for Peet responded as follows: "[I] state on the record that D-3 [i.e., the instruction enumerated above] has the concept that I wanted the jury instructed on and, uh, I'm happy with it. If I get one out of two I feel pretty good." Therefore, in light of this instruction and the aforementioned case law, regardless of the trial judge's reason for denying one of Peet's jury instructions on reasonable doubt his argument must fail. The jury was still properly read an instruction regarding this subject. Accordingly, this issue is without merit.

II. WHETHER THERE WAS A LACK OF SUFFICIENT EVIDENCE TO SUPPORT THE VERDICT OF GUILTY OF FONDLING.
¶ 11. Peet asserts that there is insufficient evidence to support the jury's verdict. "Requests for a directed verdict and motions JNOV implicate sufficiency of *383 the evidence." Franklin v. State, 676 So.2d 287, 288 (Miss.1996). When the trial court judges the legal sufficiency, as opposed to the weight of the evidence on a motion for a directed verdict, the trial court is required to consider evidence introduced in the light most favorable to the State and accept as true all of the evidence introduced at trial by the State, including all reasonable inferences that may be drawn therefrom. Yates v. State, 685 So.2d 715, 718 (Miss.1996). Any evidence that is favorable to the defendant must be disregarded during the consideration of the trial court in determining whether to grant a motion. Id.
¶ 12. When the court is making a determination on whether to grant a judgment notwithstanding the verdict, the court is "not at liberty to direct that the defendant be discharged short of a conclusion... that given the evidence, taken in the light most favorable to the verdict, no reasonable hypothetical juror could find beyond a reasonable doubt that the defendant was guilty." Hicks v. State, 580 So.2d 1302, 1304-05 (Miss.1991) quoting Pearson v. State, 428 So.2d 1361, 1364 (Miss.1983). Additionally, in Hicks v. State, 580 So.2d 1302, 1305 (Miss.1991), the Mississippi Supreme Court quoted from McFee v. State, 511 So.2d 130, 133-34 (Miss.1987), to repeat the standard which we as an appellate court are to apply in resolving the issue of whether the evidence is sufficient to sustain the jury's verdict:
When on appeal one convicted of a criminal offense challenges the legal sufficiency of the evidence, our authority to interfere with the jury's verdict is quite limited. We proceed by considering all of the evidencenot just that supporting the case for the prosecutionin the light most consistent with the verdict. We give the prosecution the benefit of all favorable inferences that may reasonably be drawn from the evidence. If the facts and inferences so considered point in favor of the accused with sufficient force that reasonable men could not have found beyond a reasonable doubt that he was guilty, reversal and discharge are required. On the other hand, if there is in the record substantial evidence of such quality and weight that, having in mind the beyond a reasonable doubt burden of proof standard, reasonable and fair-minded jurors in the exercise of impartial judgment might have reached different conclusions, the verdict of guilty is thus placed beyond our authority to disturb. (citations omitted).
¶ 13. Mississippi Code Annotated § 97-5-23(1) (Rev.2000) addresses the crime of fondling a child and reads as follows:
(1) Any person above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, shall handle, touch or rub with hands or any part of his or her body or any member thereof, any child under the age of sixteen (16) years, with or without the child's consent ... shall be guilty of a felony....
The State had the burden of presenting evidence to establish that the individuals were within the enumerated statutory age guidelines and that Peet was gratifying his or her lust or sexual desires by touching or rubbing C.D. with his hands or any part of his body. Brady v. State, 722 So.2d 151, 159 (¶ 32) (Miss.Ct.App.1998).
¶ 14. Testimony given at trial established that at the time of the alleged fondling by Peet, C.D. was twelve years old and Peet was over eighteen years old. The State presented sufficient evidence through the testimony of C. D., her sister, and the school counselor to established that Peet had committed the crime of fondling with C.D. As discussed in the "facts" *384 portion of this opinion, C. D., her sister, and the school counselor essentially reiterated the same sexual contact between Peet and C. D.Peet approached C.D. from behind while unclothed and rubbed her breasts with his hands and rubbed his penis on her buttocks. This evidence established all the elements of the crime of fondling and was sufficient for a jury to find Peet guilty of the crime. Therefore, we find this issue without merit.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY OF CONVICTION OF FONDLING AND SENTENCE OF FIVE (5) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, IRVING, MYERS and CHANDLER, JJ., concur.