813 So.2d 762 (2002)
Derrick MANUEL a/k/a "Dee", Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-01095-COA.
Court of Appeals of Mississippi.
January 8, 2002.
Rehearing Denied April 9, 2002.
*763 George F. West, Jr., Natchez, Attorney for Appellant.
Office of the Attorney General by Jean Smith Vaughan, Attorney for Appellee.
Before McMILLIN, C.J., LEE, and MYERS, JJ.
LEE, J., for the Court.
¶ 1. In November of 1995, Thomas Lofton and Catherine Cross worked with Metro Narcotics Officers in Natchez as confidential informants. On the appointed day for an undercover operation, Lofton and Cross were patrolling in a van. Upon spotting Derrick Manuel, they stopped and asked if he would sell them some cocaine. Manuel got into the van, and the informants transacted the sale with Manuel, paying with marked bills. Body microphones worn by Lofton and Cross allowed the conversations inside the van to be recorded, and the tape was played later to reveal the details of the sale. As he tried to flee the van, Manuel was arrested by officers who were monitoring the sale.
¶ 2. An Adams County Circuit Court convicted Manuel of sale of cocaine. He was sentenced to serve twenty years in the *764 Mississippi Department of Corrections, plus fined five thousand dollars and ordered to pay court costs of three-hundred ninety dollars. Manuel now appeals his conviction and sentence, arguing that the trial judge erred in amending the indictment, that both his trial and appellate counsels were ineffective, and that his motion for directed verdict was improperly denied. We review all the evidence and briefs in this case and find that the issues raised are without merit; we affirm.

DISCUSSION OF THE ISSUES

I. DID THE JUDGE ERR IN ALLOWING THE INDICTMENT TO BE AMENDED?
¶ 3. Manuel argues that the judge abused his discretion in allowing his indictment to be amended. Specifically, Manuel claims the amendment was one of substance and not form, which renders the amendment improper. "[T]his Court conducts de novo review on questions of law. The question of whether an indictment is fatally defective is an issue of law and deserves a relatively broad standard of review by this court." Simmons v. State, 784 So.2d 985(¶ 7) (Miss.Ct.App.2001).
¶ 4. In the original and the amended indictments, undercover agent Catherine Cross's name alone was listed on the original indictment as having purchased the cocaine from Manuel. The amendment to the indictment added the name of the second informant, Thomas Lofton, as a purchaser as well. We first note no indication that Manuel objected to the motion to amend the indictment. Thus, he is procedurally barred from raising this issue now on appeal. Swington v. State, 742 So.2d 1106(¶ 14) (Miss.1999). Looking to the substance of his position, we find no merit to his argument.
"It is fundamental that courts may amend indictments only to correct defects of form, however, defects of substance must be corrected by the grand jury." "[A] change in the indictment is permissible if it does not materially alter facts which are the essence of the offense... as it originally stood or materially alter a defense to the indictment as it originally stood so as to prejudice the defendant's case." "The test ... is whether the defense as it originally stood would be equally available after the amendment is made."
Mitchell v. State, 739 So.2d 402 (¶ 5) (Miss.Ct.App.1999) (citations omitted). Here, the only change to the amendment was the addition of Lofton's name as a purchaser. The testimony and appeal briefs indicate that Cross's whereabouts were unknown at the time of trial, rendering her unavailable as a witness. However, her eyewitness testimony is not the only way to prove she was present at the purchase. Several officers testified that Cross accompanied Lofton at the sale, Lofton testified Cross was with him, plus the tape recording contained her voice, showing she was in the van during the transaction. Applying the Mitchell standard, we find that the addition of the second informant's name in no way affected Manuel's defense since other information was provided showing Cross was present with Lofton at the buy. Therefore, we find that the amendment to the indictment was one of form and not substance and the court had the authority to so amend. We affirm on this issue.

II. WAS THE EVIDENCE SUFFICIENT TO SUPPORT THE JURY VERDICT OF GUILTY?
¶ 5. Manuel argues that the judge erred in denying his motion for directed verdict at the close of the State's case-in-chief and in denying his motion for *765 judgment notwithstanding the verdict ("JNOV"), or in the alternative a new trial. Both directed verdicts and motions for JNOV concern sufficiency of evidence. When reviewing an overruled motion for directed verdict or an overruled motion for JNOV, we view the evidence in a light most favorable to the State. Lee v. State, 767 So.2d 1025(¶ 4) (Miss.Ct.App.2000). The credible evidence consistent with the defendant's guilt must be accepted as true, and we give the prosecution all favorable inferences that may be reasonably drawn from the evidence. Id. We reverse only where reasonable and fair-minded jurors could only find the accused not guilty. Id.
¶ 6. In arguing the evidence was insufficient to support the guilty verdict, Manuel first claims that Lofton's testimony should have been discounted as untrustworthy. Testimony shows that the day before the undercover operation, Lofton was stopped by officers and was found to have a crack pipe on his person. In an apparent effort to win grace with the police, Lofton negotiated with the officers to allow him to work undercover to catch drug dealers with whom he was familiar, one of whom was Manuel. Lofton testified that he was not under the influence of drugs the day of the sting, but did admit that days before and after the undercover operation, he had used drugs. Manuel argues that Lofton's testimony should not have been trusted because he only acted in his own interests and would have done anything to please the officers in exchange for the possibility of a light punishment for his drug infractions.
¶ 7. All of this information concerning Lofton's drug use was presented to the jury through Lofton's testimony and testimonies of other officers. Manuel's attorney was given an opportunity to cross-examine Lofton, too, to try to discount his testimony in front of the jury. The jury is the sole judge of credibility of witnesses. Galloway v. State, 735 So.2d 1117(¶ 29) (Miss.Ct.App.1999). The jury apparently found Lofton's testimony, in combination with the other evidence presented, sufficient to prove Manuel's guilt, and we will not disturb the jury's right to judge each witness for his or her truthfulness.
¶ 8. Manuel also argues that the case was not proven against him because the indictment stated he sold drugs to Lofton and to Cross, yet Cross did not testify to prove she bought from Manuel. Manuel points out the State alleged two parties had purchased drugs, and the State was required to show that both parties indeed purchased drugs from him. Several officers testified as to the presence of Cross that day with Lofton at the sting, plus Lofton testified that she accompanied him on the drug bust to make the situation appear more natural. Also, the tape was played for the jury to hear the voices of Lofton, Cross, and Manuel. Reviewing all of the evidence, there is little doubt Cross acted in partnership with Lofton to transact the buy. The fact that Cross did not testify is of no consequence. Giving the State all favorable inferences and taking the evidence in a light favorable to the State, we find the evidence was sufficient to support the verdict. This issue has no merit.

III. WAS MANUEL'S COUNSEL INEFFECTIVE?
¶ 9. Manuel finally argues that his trial counsel was ineffective. He points out that he requested new counsel, but the court denied his request and that this prejudiced his case. Specifically, Manuel claims his counsel should have asked for a continuance and should have filed a motion for dismissal due to the alleged fatal indictment. Manuel also points out that his counsel failed to meet with him and failed to subpoena a key witness for his defense.
*766 ¶ 10. When reviewing claims of ineffective assistance of counsel, we cite to the familiar standard described in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): Manuel must show that his counsel's conduct was so deficient that he was not functioning as counsel guaranteed by the Sixth Amendment, and if his counsel is shown to be ineffective, such deficient performance prejudiced his defense. Wilson v. State, 775 So.2d 735(¶ 8) (Miss.Ct.App.2000). Looking to the allegations of ineffective performance, we cannot find any deficiency that acted to prejudice Manuel's case. He mainly contends that the counsel should have objected to the amendment to the indictment; however, we discussed previously in this opinion that the decision was without error. Manuel also argues that his counsel did not exercise enough zeal in her efforts to locate, examine, and call a "key witness" to the stand or in efforts to gain a continuance to allow more time to locate this witness. Manuel never gives the name of exactly who this witness is, but we gather it was either Cross or a man named "Floyd." We previously discussed that Cross's testimony was unnecessary as superfluous to other evidence and testimony presented. If Manuel is referring to the man named Floyd, we still find no error in the attorney's handling of this particular issue. The transcript reveals that Manuel told the judge he had a witness who was present in the van the day of the alleged sale and that the name of the witness was Floyd. Manuel gave no last name, but said Floyd did not live in Natchez. Manuel's attorney told the judge that Manuel explained to her three weeks prior to trial that another person was in the van, but he did not give his name and address to enable her to subpoena him for trial. This exchange with the judge on the matter of "Floyd" occurred the day before the trial; the judge noted that a continuance was not necessary on the basis of needing to locate this witness since no information was available on his whereabouts.
¶ 11. Concerning Manuel's attorney's performance, we cannot find any deficiency. She orally requested a continuance, which the judge did not grant, and she also explained to the judge why she would not call this man as a witness, not having any information on his whereabouts for purposes of issuing a subpoena.[1] Nonetheless, we find Manuel was not prejudiced by her actions in this regard, and this issue of ineffective assistance of counsel has no merit.
¶ 12. THE JUDGMENT OF THE ADAMS COUNTY CIRCUIT COURT OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND A $5,000 FINE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO ADAMS COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.
NOTES
[1] Incidentally, Floyd was located thereafter and was called to testify in Manuel's defense.