724 So.2d 1066 (1998)
Kirby JONES a/k/a Kirby O. Jones, Appellant,
v.
STATE of Mississippi, Appellee.
No. 96-KA-00935 COA
Court of Appeals of Mississippi.
December 18, 1998.
*1067 Joseph A. Fernwald, Jr., Attorney for Appellant.
Office of the Attorney General by Pat S. Flynn, Attorney for Appellee.
BEFORE McMILLIN, P.J., DIAZ, AND PAYNE, JJ.
McMILLIN, P.J., for the Court:
¶ 1. Kirby Jones was convicted by a Lincoln County Circuit Court jury of possession with intent to distribute of more than one ounce but less than one kilogram of marijuana. He appeals that conviction to this Court, raising three issues which he argues warrant a reversal of his conviction. We disagree and affirm.

I.

Facts
¶ 2. An undercover informant told a Wesson police officer, Steven Carlisle, that he had observed a large quantity of crack cocaine and marijuana at Kirby Jones's residence. Carlisle relayed this information to Gary Vanderslice, an agent with the local narcotics task force. Vanderslice met with the informant, installed a concealed radio transmitter on his person, furnished him with $60 in marked bills, and directed him to attempt to purchase drugs from Jones at the residence. Vanderslice listened via the radio transmitter to the informant completing a purchase and immediately thereafter recovered from the informant three pieces of rock-like substance that resembled crack cocaine.
¶ 3. Based on this information, Vanderslice and other officers went to the property and secured it while Vanderslice went before a justice court judge and obtained a search warrant for the premises. In support of his request for a warrant, Vanderslice filed his written affidavit essentially outlining the foregoing facts. The informant did not appear before the justice court judge.
¶ 4. The search conducted pursuant to the warrant produced a brown paper bag containing three plastic bags of marijuana, a gun, two sets of pharmacist's scales, and two stacks of money totaling $2,463. A second bag of marijuana was found on a trail outside the residence. No cocaine was discovered in the search, but Jones was charged in connection with the marijuana. It is important to keep in mind that this case does not directly involve the purported cocaine transaction between Jones and the informant that served as the basis for obtaining the search warrant.

II.

The First Issue: The Validity of the Search Warrant
¶ 5. Jones claims that the search warrant was invalid in that it was not issued "upon probable cause" within the meaning of the Fourth Amendment to the Constitution of the United States. Specifically, Jones claims that Vanderslice, in his affidavit, was only *1068 relaying second-hand hearsay information obtained from an undisclosed informant under circumstances where he (Vanderslice) was in no position to vouch for the reliability of the informant. Jones relies on the case of U.S. v. Parker, 722 F.2d 179 (5th Cir.1983). In that case, the affidavit had contained the purely conclusory statement that the supporting "[i]nformation [was] given by a reliable & credible person who had given correct information in the past that led to arrests & convictions." Id. at 182. The Fifth Circuit said of this affidavit that "[t]here is no question that this statement, which is merely conclusory, is insufficient to show probable cause." Id.
¶ 6. Despite this language, the Fifth Circuit case does not stand for the proposition that hearsay information can never be used to establish probable cause for the issuance of a search warrant. In Illinois v. Gates, the United States Supreme Court applied a "totality of the circumstances" approach to uphold a search warrant that had been obtained, in part, in reliance on information contained in an anonymous letter received by law enforcement officials. Illinois v. Gates, 462 U.S. 213, 225-29, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Prior to the Gates decision, the Supreme Court had adopted a two-prong test to determine whether information obtained from an undisclosed informant could support the issuance of a warrant. See Spinelli v. U.S., 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). Under Spinelli, the courts were required to investigate both the reliability of the informant and the basis of the informant's knowledge in order to determine whether a warrant was justified. Id. It is evident that an anonymous letter could not possibly pass the first part of the Spinelli test; however, in abandoning that rigid formula, the Supreme Court said:
The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... conclud[ing]" that probable cause existed.
Gates, 462 U.S. at 238-39, 103 S.Ct. 2317.
¶ 7. In the case now before us, Vanderslice did not rely solely on unsubstantiated hearsay relayed to him by Officer Carlisle. Rather, he met with the informant himself, questioned the informant, and then undertook to independently verify the accuracy of the informant's representations by having him make what appeared to be an actual purchase of drugs at Jones's residence.
¶ 8. This Court is satisfied that Vanderslice's efforts to test the reliability of the information furnished by the informant was an adequate basis to establish probable cause for a warrant to issue for a search of Jones's residence for illicit drugs. It matters not that the officers reasonably thought they were searching for cocaine and, instead, discovered marijuana. If the search itself was permissible under the constitution, then unexpected contraband discovered during the search is equally admissible as those items anticipated in the warrant. Isaacks v. State, 350 So.2d 1340, 1344 (Miss.1977). We, therefore, conclude this issue to be without merit.

III.

The Second Issue: The Failure to Grant a Mistrial
¶ 9. On at least three occasions during his testimony, Agent Vanderslice attempted to interject the fact that a buy of illegal drugs had been completed at the defendant's residence shortly before the search warrant was obtained. The first time the matter came up, Vanderslice made reference to the fact that money recovered in the search included some part of the marked bills used in the buy. The trial court immediately excused the jury and the matter was discussed. The court ultimately held that there was no basis at that point to introduce the evidence. Defense counsel moved for a mistrial because of the prejudicial nature of Vanderslice's remark as being evidence of other criminal activity inadmissible under Mississippi Rule of Evidence 404(b). The trial court denied *1069 the motion for mistrial but, upon the jury's return, admonished the jury members to disregard Vanderslice's statement. Twice more during cross-examination, Vanderslice made reference to the earlier buy. Each time defense counsel objected and each time the trial court sustained the objection and admonished the jury to disregard the evidence. On neither of the subsequent occasions did defense counsel move for a mistrial after the court had sustained the objection.
¶ 10. Evidence of prior bad acts by the defendant is generally inadmissible if offered for no other purpose than to show the character of the defendant as one likely to commit the charged crime. M.R.E. 404(b); Bounds v. State, 688 So.2d 1362, 1369 (Miss.1997). Vanderslice's testimony about the prior sale appeared to have no relevance beyond an attempt to cast Jones in a negative light in the eyes of the jury. Nevertheless, a mistrial is not the inevitable result every time the jury is permitted to hear inadmissible evidence. The trial court is in the best position to assess the prejudicial impact of the improper evidence and decide whether a mistrial is necessary or whether the prejudice can be cured by sustaining an objection to the evidence and admonishing the jury to disregard it. Reynolds v. State, 585 So.2d 753, 755 (Miss.1991). In this case, the only opportunity the trial court had to rule on a mistrial motion was after Vanderslice's first passing reference to the prior drug buy. The witness was immediately cut off from further testimony on the point and the jury was instructed by the trial court to disregard the testimony. The jurors were polled and indicated their unanimous ability to deliberate the case unprejudiced by the evidence. The trial court, viewing the matter first-hand, was apparently satisfied that this was sufficient to minimize any prejudice to the defendant and there is nothing in the record that would convince this Court that the trial court was manifestly wrong in its assessment.
¶ 11. In neither of the two remaining incidents when Vanderslice mentioned the prior drug purchase did defense counsel move for a mistrial after the court sustained counsel's objection. The law of this State is quite clear that, in order to preserve an error of this nature for review on appeal, defense counsel must offer a mistrial motion after it is established that the evidence was, in fact, improper. White v. State, 532 So.2d 1207, 1216 (Miss.1988). In the absence of a mistrial motion after either the second or third occurrence, we find ourselves procedurally barred from considering the cumulative impact on the fundamental fairness of the trial of Vanderslice's repeated transgressions.
¶ 12. We also observe that one such comment was provoked when defense counsel seemed to intimate to Vanderslice that the officers had undertaken a search of Jones's residence without any real reason to do so. Though Vanderslice's reply may have been, at least technically, a violation of Rule 404(b), it may well be that defense counsel had, by the nature of his inquiry, opened the door to this otherwise inadmissible material. However, in the absence of a mistrial motion following Vanderslice's response, we find it unnecessary to consider this aspect of the matter. The trial court cannot be put in error on appeal for matters on which it was never offered the opportunity to rule. This issue is without merit.

IV.

The Third Issue: The Weight of the Evidence
¶ 13. Jones asserts as his final point that the verdict was against the weight of the evidence. However, in actuality, his argument on the point is that the evidence was insufficient as a matter of law on the issue of intent to distribute. He concedes for purposes of argument that he possessed a quantity of marijuana, but simply contends that it was a small amount of the drug and was being held for his own personal use. A successful argument on this point does not, under present case law in this State, result in a complete reversal of the conviction. Rather, the practice as adopted by the Mississippi Supreme Court is to reverse on the greater crime of possession with intent to distribute but confirm on the lesser crime of simple possession and remand for re-sentencing. *1070 See Hicks v. State, 580 So.2d 1302, 1306 (Miss.1991).
¶ 14. Direct evidence of the intent to sell illicit drugs is often not available. However, the Mississippi Supreme Court has stated that this element of the crime may be proven by circumstantial evidence. Id. at 1305. The quantity of the drug is one factor that legitimately bears on the question, especially in those instances where a person is discovered to be in possession of large quantities of illegal drugs. Id. However, there are other factors beyond mere quantity that may support a reasonable inference of intent to distribute. Such factors include the possession of firearms, based on the notion that those trafficking in illegal narcotics cannot rely upon the normal processes of the law to enforce and regulate their economic activity and must, instead, be prepared to provide their own protection. Martin v. State, 413 So.2d 730, 733-734 (Miss.1982). The possession of paraphernalia normally associated with drug trafficking is also considered to have probative value on the issue of the possessor's intent. Coyne v. State, 484 So.2d 1018, 1022 (Miss.1986). The possession of unusually large quantities of cash without legitimate explanation has also been recognized as an indicator of trafficking activity. Breckenridge v. State, 472 So.2d 373, 378 (Miss.1985).
¶ 15. In this case, the investigating officers discovered on the premises a firearm, two precision scales useful in making accurate measurements of small quantities of goods, and a fairly substantial sum of cash. No explanation was offered for the possession of these scales and the only explanation for the cash was Jones's girlfriend's claim, unsupported by any accompanying documentation, that the money represented a tax refund she had received. Though the quantity of marijuana may not have been enough, of itself, to support an inference of intent to distribute the drug, we are satisfied that these additional discoveries made during the search of the premises were enough to create a legitimate issue of fact to be resolved by the jury. We cannot say that the evidence on the question of intent to distribute was so lacking that the jury's decision to convict on the greater crime must be reversed, whether the question is considered from the standpoint of the sufficiency or the weight of the evidence bearing on the question.
¶ 16. THE JUDGMENT OF THE LINCOLN COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF MORE THAN ONE OUNCE BUT LESS THAN ONE KILOGRAM OF MARIJUANA WITH INTENT TO DISTRIBUTE AND SENTENCE OF TEN YEARS WITH THE LAST SIX YEARS TO BE SERVED ON POST CONVICTION RELEASE SUPERVISION IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $2,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES, C.J., THOMAS, P.J., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.