GRIFFIS, P.J.,
for the Court:
¶ 1. Romalas Gregory was convicted in the Lafayette County Circuit Court of simple possession of a controlled substance, cocaine, in violation of Mississippi Code Annotated section 41 — 29—139(c)(1) (Supp. 2011). He was sentenced to serve eight years in the custody of the Mississippi Department of Corrections, with five years to serve, three years suspended and three years of supervised probation. Gregory was also convicted of possession of less than thirty grams of marijuana. However, the possession conviction was set aside at the State’s request. On appeal, Gregory argues the circuit court erred when it refused to allow his defense attorney, T.R. Trout, to withdraw as his counsel. Gregory also argues that the circuit court erred when it gave an instruction on possession as a lesser-included offense. We find no error and affirm.
FACTS
¶ 2. On November 2, 2009, Lafayette County Metro Narcotics Unit agents served an arrest warrant on Gregory at his residence. Gregory and Michael Adams were present. Gregory was inside the house, and Adams was outside. When Gregory exited the house with the agents, the agents noticed him reach into the crotch area of his pants. The agents stopped him. Then, they retrieved cocaine and marijuana from inside of his underwear, as well as cash from his pockets.
¶ 3. Adams was about twenty-five feet from Gregory when the agents found the cocaine. Gregory said he was holding the cocaine for Adams. Adams heard this and stated that it was his cocaine and not Gregory’s cocaine. Gregory consented to a search of his house. The agents found more marijuana and more cash. The agents also found a crack pipe on Adams.
¶ 4. According to Adams, on the morning of November 2, 2009, Adams bought two pieces of crack cocaine from a drug dealer at a local community store. He then returned to his own home and smoked some of the cocaine. Adams testified that Gregory picked him up and brought him to Gregory’s house to do yard work. At that time, Adams still had some cocaine in his pocket. Adams lit a fire to burn some trash, but he was concerned about the cocaine melting in his pocket. So, he went back to Gregory’s house and laid the cocaine on a table in the basement. After doing some work, Adams came up to the house and was looking for the cocaine. Adams testified that when the police arrived he was about to ask Gregory where the cocaine was.
¶ 5. Gregory was charged with possession of crack cocaine with intent to distribute. Adams was charged with conspiracy to possess a controlled substance, but that charge was never presented to the grand jury.
¶ 6. Forensic tests confirmed that the agents found 1.5 grams of cocaine (a Schedule II substance) and a total of 26 grams of marijuana (a Schedule I substance). Additional facts specific to the two issues on appeal will be discussed below.
ANALYSIS

1. Conflict of Interest

¶ 7. Trout previously worked in the district attorney’s office. While there, he had prosecuted Gregory on an entirely unrelated drug charge, six years earlier. Trout brought up the possibility of a conflict of *57 interest the day before Gregory’s trial began. Two days before trial, the State gave Trout a file that it intended to use to enhance Gregory’s sentence. At that time, Trout realized he had assisted in the prosecution of Gregory on a prior unrelated charge. Trout’s involvement in the prior prosecution was that he had signed the indictment, took Gregory’s plea, and prepared an order reflecting the plea. There was no evidence to indicate why Gregory’s prior case then languished for several years. When a new prosecutor took over the case, Gregory entered a new plea petition that reduced the charge.
¶ 8. Trout discussed these facts with Gregory. Gregory decided that he no longer wanted Trout to represent him. The State agreed not to introduce the prior conviction in its case in chief or to use it for impeachment purposes. Trout claimed that Gregory no longer had confidence in Trout’s representation. The circuit court overruled Trout’s motion to withdraw and stated, “as far as Mr. Trout is concerned!,] Mr. Gregory!,] I have known Mr. Trout for a long time. He is an honorable person and a good trial lawyer and he will give you a good defense. I see no relation between those two offenses.”
¶ 9. “A trial court’s findings of fact when considering a motion to disqualify an attorney are reviewed for manifest error.” Hartford Cas. Ins. Co. v. Halliburton Co., 826 So.2d 1206, 1220 (¶ 51) (Miss.2001) (citing Colson v. Johnson, 764 So.2d 438, 439 (¶ 4) (Miss.2000)). The trial court has broad discretion. Id.
¶ 10. This Court must first determine whether these circumstances present an actual conflict of interest or a potential conflict of interest because “once an actual conflict is demonstrated, a showing of specific prejudice is not necessary.” Littlejohn v. State, 593 So.2d 20, 24 (Miss.1992) (quoting United States v. Alvarez, 580 F.2d 1251, 1259 (5th Cir.1978)). However, when there is only a potential conflict of interest, a defendant must show that “a conflict of interest actually affected the adequacy of his representation.” Mickens v. Taylor, 535 U.S. 162, 168, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002) (quoting Cuyler v. Sullivan, 446 U.S. 335, 348, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980)). Therefore, whether Gregory must demonstrate prejudice turns on whether the conflict of interest was actual or potential.
¶ 11. Mississippi has applied the Fifth Circuit Court of Appeal’s definition of “actual conflict”:
If a defense attorney owes duties to a party whose interests are adverse to those of the defendant, then an actual conflict exists. The interests of the other client and the defendant are sufficiently adverse if it is shown that the attorney owes a duty to the defendant to take some action that could be detrimental to his other client.
Irving v. Hargett, 518 F.Supp. 1127, 1144 (N.D.Miss.1981) (citing Zuck v. Alabama, 588 F.2d 436, 439 (5th Cir.1979)) (emphasis added). Throughout Gregory’s brief, he refers to the conflict of interest as an actual conflict. Yet, Gregory does not explain why the conflict should be labeled an actual conflict.
¶ 12. Mississippi Rule of Professional Conduct 1.9 governs current and former client conflicts of interest:
A lawyer who has formerly represented a client in a matter shall not thereafter:
(a) represent another in the same or a substantially related matter in which that person’s interests are materially adverse to the interests of the former client unless the former client consents after consultation; or
*58 (b) use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when the information has become generally known.
¶ 13. Neither appellate brief addressed Rule 1.9. Instead, both briefs cite Mississippi Rule of Professional Conduct 1.7, which provides:
(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless the lawyer reasonably believes:
(1) the representation will not adversely affect the relationship with the other client; and
(2) each client has given knowing and informed consent after consultation. The consultation shall include explanation of the implications of the adverse representation and the advantages and risks involved.
(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer’s responsibilities to another client or to a third person, or by the lawyer’s own interests, unless the lawyer reasonably believes:
(1) the representation will not be adversely affected; and
(2) the client has given knowing and informed consent after consultation. The consultation shall include explanation of the implications of the representation and the advantages and risks involved.
¶ 14. Rule 1.7 is the general conflict of interest rule, but it is not applicable here. Trout does not represent two current clients in a simultaneous representation. Here, the potential conflict of interest is between a former client and a current client. In 2010, at the time of his representation of Gregory, Trout did not work for the district attorney’s office.
¶ 15. “No citation of authority is necessary for the obvious proposition that a conflict of interest will exist for a prosecutor who previously represented a particular defendant in a particular case.” Ousley v. State, 984 So.2d 985, 987 (¶ 8) (Miss.2008). In those types of situations, the lawyer has an actual conflict of interest and cannot begin to prosecute the former defense client. Id. Gregory’s circumstances are the reverse of this scenario and do not present the same concerns about the sharing of confidential communications. Trout had represented the State where Gregory’s (his current client) interests were materially adverse to the State’s (his former client) interests. However, that prior representation was not “in the same or a substantially related matter.” M.R.P.C. 1.9. That prior representation was in a wholly unrelated drug charge separated in time by at least four years.
¶ 16. The comment to Rule 1.9 states “[t]he lawyer’s involvement in a matter can also be a question of degree.” Trout’s involvement was neither extensive nor intensive. He did not bring the case to completion. The case did not involve a trial. Trout only signed the indictment, took Gregory’s plea, and prepared an order reflecting the plea. This was not the same plea that Gregory ultimately was convicted of and received punishment for in this case. Trout was not “so involved in the matter that the subsequent representation [of Gregory on a different charge years later could] be justly regarded as a changing of sides in the matter in question.” M.R.P.C. 1.9 cmt. A different prosecutor concluded the case with an entirely new plea petition several years later. There was no violation of Rule 1.9 and no *59 actual conflict of interest.[1]
¶ 17. Trout did not demonstrate anything to suggest his loyalty was compromised, nor that an actual conflict existed. This situation was a potential conflict; the nature of Trout’s involvement in the prior prosecution of a wholly unrelated charge shows there was no actual conflict of interest.
¶ 18. Gregory must demonstrate prejudice because there was only a potential conflict of interest. “[A] potential for conflict or hypothetical or speculative conflicts will not suffice for reversal.” Stringer v. State, 485 So.2d 274, 275 (Miss.1986); see also Cuyler, 446 U.S. at 350, 100 S.Ct. 1708; Alvarez, 580 F.2d at 1259. A defendant must show “that his counsel actively represented conflicting interests,” to show “the constitutional predicate for his claim of ineffective assistance.” Cuyler, 446 U.S. at 350, 100 S.Ct. 1708 (emphasis added). Gregory has not shown any instances where the potential conflict of interest actually affected the adequacy of his trial counsel’s representation. Because these circumstances were only a potential conflict of interest, Gregory is not entitled to rely on the assertion that he is not required to show prejudice. Gregory has not made a showing of specific prejudice that is necessary to establish error in the circuit court’s ruling.
¶ 19. This Court finds that Gregory failed to prove that an actual conflict existed and failed to prove the potential conflict of interest prejudiced his defense. Thus, he failed to meet the two prongs of Cuyler. Id. Therefore, this Court finds no error in the circuit court’s ruling that disallowed Gregory’s trial counsel from withdrawing his representation.
¶ 20. Therefore, this issue has no merit.

2. Jury Instruction on Possession as a Lesser-included Offense

¶ 21. Next, Gregory argues that the circuit court erred when it gave jury instruction number 9 on possession as a lesser-included offense. This instruction concerned possession of a controlled substance, cocaine. Instruction number 8 dealt with possession of cocaine with intent to sell, transfer, or distribute. Instruction number 10 was on the charge of possession of marijuana. Trout argued that instruction number 9 “refer[red] to a crime which doesn’t exist.”
¶22. Gregory now argues that possession is not lesser included because quantity is not an element of the intent offense, but quantity is an element of possession. The State argues that weight is in the statute for the purpose of sentencing options for the judge, not the jury, and weight is not an element of the crime of possession. The circuit court ruled that an interpretation of Mississippi Code Annotated section 41 — 29—139(c) yields the conclusion that possession would be included as a lesser-included offense and granted instruction number 9.
¶ 23. Jury instruction number 9 must be “supported by the evidence and be a correct statement of the law.” Bailey v. State, 837 So.2d 228, 232 (¶ 11) (Miss.Ct.App.2003). There is no “reversible error where the instructions actually given, when read together as a whole, fairly announce the law of the case and create no injustice.” Adkins v. Sanders, 871 So.2d *60 732, 736 (¶ 9) (Miss.2004) (internal citation and quotation marks omitted). “A defendant is entitled to have jury instructions given which present his theory of the case, however, this entitlement is limited in that the court may refuse an instruction which incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence.” Howell v. State, 860 So.2d 704, 745 (¶ 142) (Miss.2003) (citation omitted).
¶ 24. The circuit court correctly interpreted Mississippi Code Annotated section 41-29-139(c) to mean that possession would be a lesser-included offense because this Court has consistently held that “[possession of a controlled substance is a lesser-included-offense of possession of a controlled substance with the intent to distribute.” Torrey v. State, 816 So.2d 452, 454 (¶ 3) (Miss.Ct.App.2002) (citing Hicks v. State, 580 So.2d 1302, 1306 (Miss.1991)); see also Edwards v. State, 878 So.2d 1106, 1109 (¶ 15) (Miss.Ct.App.2004).
¶ 25. From the statute’s language, weight is not an element of the offense of possession. Weight is the basis for the judge’s sentencing options. Mississippi Code Annotated section 41-29-139(a)(l), the possession with intent statute, states “it is unlawful for any person knowingly or intentionally: (1) To sell, barter, transfer, manufacture, distribute, dispense or possess with intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance.” Section 41-29-139(b) contains the sentencing options for violators of 41-29-139(a). Section 41-29-139(c) is the simple possession statute, stating “[i]t is unlawful for any person knowingly or intentionally to possess any controlled substance.” “The penalties for any violation of this subsection (c) ... shall be based on ... the weight of the controlled substance as set forth herein as appropriate.” Miss.Code. Ann. § 41-29-139(c) (emphasis added). Section 41-29-139(c)(l) states “[a] controlled substance classified in Schedule I or II, ... shall be charged and sentenced as follows.” Miss.Code. Ann. § 41 — 29—139(c)(1) (emphasis added). The varying sentencing options based on weight/quantity are listed in section 41-29-139(c)(l)(A)-(E).
¶ 26. A possession offense meets the definition of a lesser-included offense because it is an offense necessarily committed along with the offense charged of possession with intent. There is no additional element of proof involved in a possession case versus a possession with intent case.
¶ 27. “[I]f a ‘rational’ or a ‘reasonable’ jury could find the defendant not guilty of the principal offense charged in the indictment yet guilty of the lesser[-]included offense,” then a lesser-included-offense instruction is warranted. Mease v. State, 539 So.2d 1324, 1330 (Miss.1989) (citation omitted). Additionally, the lesser-included-offense instruction was not erroneous because the jury was entitled to convict Gregory of an “inferior offense ... necessarily included within the more serious offense charged in the indictment.” Booze v. State, 964 So.2d 1218, 1222 (¶ 17) (Miss.Ct.App.2007) (internal citation and quotation marks omitted); see also Miss. Code Ann. § 99-19-5 (Rev.1994).
¶ 28. Gregory supplemented his brief with Jamison v. State, 73 So.3d 567 (Miss.Ct.App.2011). “[I]f the government seeks enhanced penalties based on the amount of drugs, ... the quantity must be stated in the indictment and submitted to a jury for a finding of proof beyond a reasonable doubt.” United States v. Doggett, 230 F.3d 160, 164-65 (5th Cir.2000). “[W]here quantity in a drug possession charge affects the severity of the potential sentence, it is an essential *61 element of the offense which must be charged by the grand jury.” Jamison, 73 So.3d at 572 (¶ 16) (emphasis added); see also United States v. Wilkes, 130 F.Supp.2d 222, 234 (D.Mass.2001) (finding quantity was an element under the federal grand-jury right).
¶ 29. Jamison’s sentence was vacated not because possession was not considered lesser included. His sentence was vacated “because the [in-court] amendment to the indictment increased the charged drug quantity thereby exposing Jamison to a more severe sentence than authorized by the statutory maximum in the original indictment.” Jamison, 73 So.3d at 572(¶ 18).
¶ 30. The facts in Jamison are distinguishable from Gregory’s case. Jamison revolved around increased punishment and an amended indictment. Gregory’s indictment included a specific amount of cocaine, 1.5 grams. An expert witness testified to that quantity, and there was no amended indictment or increased sentence. This Court in Jamison found the dictates of Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), were not offended in two other cases where the defendants “were not exposed to increased maximum sentences and more severe punishments if convicted.” Jamison, 73 So.3d at 571 (¶ 13). This is similar to Gregory who also was not exposed to an increased maximum sentence.
¶ 31. This Court noted in Jamison that the “analysis would differ if the sentence imposed under the amended indictment falls within the sentencing range allowed under the original indictment.” Id. at 572 n. 5. Jamison did not concern any issues of whether possession was in fact a lesser-included offense, nor change any existing precedent in that particular area. It dealt with quantity only in the context of amended indictments and increased sentences.
¶ 32. Therefore, this issue has no merit.
¶ 33. THE JUDGMENT OF THE LAFAYETTE COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF COCAINE AND SENTENCE OF EIGHT YEARS, WITH FIVE YEARS TO SERVE, THREE YEARS SUSPENDED, AND THREE YEARS OF SUPERVISED PROBATION, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, RUSSELL AND FAIR, JJ., CONCUR. CARLTON, J., CONCURS IN PART AND IN THE RESULT. MAXWELL, J., CONCURS IN RESULT ONLY. ROBERTS, J., NOT PARTICIPATING.

. Even if there was a violation of Rule 1.9, the client that Rule 1.9 seeks to protect is the former client as demonstrated in the language “materially adverse to the interest of the former client,” "unless the former client consents,” and "disadvantage of the former client.” In this case, the former client was the state, and the current client is Gregory.