IRVING, P.J.,
for the Court:
¶ 1. For the second time, the Alcorn County Circuit Court summarily denied as time-barred Troy M. Pittman’s motion for post-conviction collateral relief (PCR). Pittman has appealed, alleging that the circuit court erred by denying his PCR motion without an evidentiary hearing. Finding no error, we affirm.
FACTS
¶2. An Alcorn County Circuit Court jury convicted Pittman of three counts of sexual battery and two counts of statutory rape. Pittman appealed, and this Court upheld each of the sexual-battery convictions and reversed and rendered the statutory-rape convictions. Pittman v. State, 836 So.2d 779, 788 (¶ 44) (Miss.Ct.App.2002) (Pittman I). The Mississippi Supreme Court denied certiorari on January 30, 2003. Id. at 779.
¶ 3. On July 5, 2007, Pittman filed a PCR motion, seeking to overturn his sev *256 en-year-old conviction of the three counts of sexual battery. The circuit court denied the motion as time-barred. Pittman appealed, and this Court reversed, finding that Pittman’s motion was not time-barred.[1] Pittman v. State, 20 So.3d 51, 52 (¶ 1) (Miss.Ct.App.2009) (Pittman II).
¶ 4. In his PCR motion, Pittman alleged that he had acquired newly discovered evidence and that he had received ineffective assistance of counsel during his trial. In order to fully understand Pittman’s argument regarding the alleged newly discovered evidence, we recite pertinent facts from our previous opinion, affirming his prior convictions:
Shortly after the birth of them daughter in 1985, Troy Pittman, Jr. and his first wife divorced. He remarried in 1988. Between 1985 and 1990, Pittman had little contact with his daughter. After 1990, Pittman was allowed some visitation. In 1995, Pittman’s ten-year[-]old daughter accused him of molestation. An investigation occurred but no charges were filed. Thereafter, Pittman was required to have a person aged fourteen years or older with him at all times when he was with his daughter. Pittman and his first wife would exchange custody of the child at the sheriffs department.
In mid-July 1998, the now-thirteen[-]year-old girl began a three week-long visit with Pittman and his second wife. Two days after being returned to her mother on August 5, the child complained of a sore throat and was taken to the doctor. Over the next week, the young girl developed flu-like symptoms and complained of pain in her bottom. On August 13, the child was returned to the doctor. The doctor noticed lesions on her perineum and an anal tear. The doctor swabbed the lesions and sent the sample to be tested at a lab.
On August 14, the girl returned to Pittman’s house for weekend visitation. On August 17, the doctor informed the girl’s mother that the child had tested positive for herpes simplex II or genital herpes. The mother demanded that the girl tell her who could have given her a sexually transmitted disease. At first reluctant, the child finally informed her mother that Pittman had molested and attempted to have sexual intercourse with her during the three-week visitation and during the immediate past weekend visitation.
Pittman I, 836 So.2d at 782 (¶¶ 2-4).
¶ 5. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 6. Appellate courts will not reverse a trial court’s denial of a PCR motion unless the trial court’s factual findings are clearly erroneous. Moore v. State, 986 So.2d 928, 932 (¶ 13) (Miss.2008). A PCR motion that “meets basic requirements is sufficient to mandate an evidentiary hearing unless it appears beyond a doubt that the petitioner can prove no set of facts in support of his claim which would entitle him to relief.” Frierson v. State, 812 So.2d 1090, 1092 (¶ 5) (Miss.Ct.App.2001) (quoting Marshall v. State, 680 So.2d 794, 794 (Miss.1996)).

I. Denial of PCR Motion

a. Newly Discovered Evidence

¶ 7. Pittman’s first assertion in his PCR motion is that he possesses newly discover *257 ed evidence that entitles him to a new trial. A defendant is entitled to a new trial on the ground of newly discovered evidence where: (1) such evidence will probably change the outcome if a new trial is granted; (2) the evidence has been discovered since trial and could not have been discovered before trial by the exercise of due diligence; (3) the evidence is material to the issue; and (4) the evidence is not merely cumulative or impeaching. Meeks v. State, 781 So.2d 109, 112-13 (¶ 8) (Miss.2001). The defendant must satisfy all four elements before a reversal can be granted. Johnson v. State, 39 So.3d 963, 966 (¶ 11) (Miss.Ct.App.2010).
¶ 8. Pittman argues that there is newly discovered evidence regarding the allegation that he infected his daughter (the victim) with herpes. He claims that this evidence proves that it was impossible for him to pass herpes to the victim, that the herpes tests were unreliable, and that the victim could have gotten herpes from someone else.
¶ 9. First, Pittman asserts that since the State did not prove that he had intercourse with the victim, it is impossible for him to have given the victim herpes. He claims that there hád to have been an exchange of bodily fluids in order for him to have transmitted herpes to the victim. Since the State failed to prove the penetration element of the statutory-rape charges, Pittman concludes that there was no way he could have passed herpes to the victim.
¶ 10. We point out that Pittman’s allegation of newly discovered evidence is without foundation. During his criminal trial, the State presented evidence that tended to indicate that he had infected his daughter with Herpes Simplex II or Genital Herpes. In his PCR motion, he simply makes a new argument as to why he believes the evidence presented at trial by the State was insufficient to sustain his convictions.
¶ 11. Next, in support of his assertion that the herpes tests were unreliable, Pittman submitted the affidavit of Dr. Kevin Hayes that stated the State used unreliable and outdated tests that are not accepted in the medical community to determine that Pittman had infected Pittman’s daughter with genital herpes. According to Dr. Hayes, the two tests that the State offered against Pittman were unreliable in that the tests, performed by SmithKline Beecham Clinical Laboratories and MRL Reference Laboratory, respectively, could not distinguish between the Herpes Simplex Viruses Type I and Type II and that the State should have used a different test — the Reflex Test. Notably, Dr. Hayes did not state that the Reflex Test was unavailable at the time of Pittman’s conviction. Even evidence that is considered quite powerful might not mandate a new trial if such evidence could have been discovered through due diligence by the time of the original trial. Hunt v. State, 877 So.2d 503, 513 (¶53) (Miss.Ct.App.2004). Pittman knew that the State intended to present evidence against him at trial regarding the transmission of herpes from him to the victim. There is no indication that it was not possible for Pittman to present evidence of the impossibility of him passing herpes to the victim at trial, so we can only conclude that it could have been discovered through due diligence. See id. at 513-14 (¶ 58).
¶ 12. An evidentiary hearing or reopening of a case will not be ordered every time there are contradictory testimonies. Meeks, 781 So.2d at 114 (¶ 13). The trial court has discretion in determining whether to grant an evidentiary hearing or reopen a case. Id. at (¶ 14). It is unclear whether Pittman is attempting to prove that he could have contracted herpes *258 from the victim or prove that the tests admitted during trial do not always accurately differentiate between Herpes Simplex Virus Type I and Type II. Either way, he has failed to demonstrate that medical information regarding the alleged unreliability of the tests used against him at trial was not available at that time. While Dr. Hayes’s affidavit conflicts with Dr. William T. Jones’s trial testimony— that the herpes tests were rehable and adequate — the evidence that Pittman proposes to introduce as newly discovered evidence is merely impeachment evidence. Dr. Hayes did not testify at trial, and Pittman has failed to explain why this evidence could not have been discovered before the original trial through the exercise of due diligence. Indeed, he presented this evidence in his post-trial motion.
¶ 13. Lastly, Pittman seeks to prove, via affidavits from nonmedical persons, that the victim could have contracted herpes from another source. Affidavits that assert that the victim may have been exposed to herpes by someone other than Pittman before any alleged incident with him do not constitute newly discovered evidence that would require a new trial. We agree with the trial court that the affidavits are objectionable hearsay and merely serve as impeachment evidence as to the herpes transmission. As is the case with the affidavit from Dr. Hayes, Pittman has not explained why it was not possible for this evidence to have been discovered before trial. After all, he also presented this evidence in his post-trial motion. This issue is without merit.

b. Ineffective Assistance of Counsel

¶ 14. When a defendant claims that he received ineffective assistance of counsel, he has the burden of proving that, under the totality of the circumstances, his counsel’s performance was deficient, and as a result, he was deprived of a fair trial. Bell v. State, 879 So.2d 423, 430 (¶ 8) (Miss.2004). The analysis begins with the rebut-table presumption that counsel’s conduct fell “within the wide range of reasonable professional assistance.” Id. at 431 (¶ 9). This presumption may be rebutted if the defendant can show that, but for counsel’s errors, the outcome of the proceeding would have been different. Id. at (¶ 10). Decisions that fall within the realm of trial strategy do not amount to ineffective assistance of counsel. Porter v. State, 963 So.2d 1225, 1230 (¶ 18) (Miss.Ct.App.2007). Counsel’s decisions whether or not to file motions, call certain witnesses, ask certain questions, and make certain objections fall within the definition of trial strategy. Lawrence v. State, 780 So.2d 652, 659 (¶ 28) (Miss.Ct.App.2001).
¶ 15. Pittman claims that his trial counsel was ineffective by: (1) failing to develop an alibi defense and present alibi witnesses who were present and able to testify, (2) conducting a limited cross-examination of the victim and failing to call the alleged victim’s treating medical providers as witnesses, (3) failing to call the victim’s mother as an adverse witness, (4) failing to pursue a Mississippi Rule of Evidence 412(b)(2)(C) motion, (5) failing to engage a defense expert witness on the subject of herpes, (6) failing to introduce evidence of past litigation between Pittman and the victim’s mother concerning false sexual allegations, (7) permitting evidence of Pittman’s blood-test/herpes-test results obtained in violation of his constitutional rights, (8) failing to introduce evidence that Pittman tested negative for all sexually transmitted diseases, and (9) failing to explore any and all defenses available to Pittman concerning the allegation that he gave the victim herpes. Additionally, Pittman claims that his trial counsel was ineffective because counsel placed his own pecuniary interest ahead of his duty to Pittman.
*259 ¶ 16. Pittman’s first five grounds clearly concern trial strategy that is within counsel’s discretion. The trial court concluded that the choices Pittman’s counsel made regarding failure to call alibi witnesses; limiting his cross-examination of the victim; failing to call other witnesses, including the victim’s mother and treating physicians; and failing to file a Rule 412(b)(2)(C) motion were not unreasonable and were sound trial strategy that could only help Pittman. We agree.
¶ 17. Moreover, Pittman never specifically established in his motion how any of the choices his counsel made regarding the first five grounds of his claim for ineffective assistance of counsel denied him a fair trial. Therefore, he has failed to carry his burden of proof. As indicated in his brief, he merely hopes that all of his claims will have a cumulative effect in showing that counsel was ineffective and that this led to an unfair trial.
¶ 18. Pittman also alleges that his counsel was ineffective by failing to introduce evidence of past litigation between him and the victim’s mother concerning a previous molestation allegation. Although charges were never filed, there is no indication that the victim’s prior allegations of sexual abuse were false. Pittman attempts to establish a malicious motive for the victim and his ex-wife by arguing that the victim’s previous allegations should have been introduced as evidence. However, Pittman failed to demonstrate that counsel’s failure to introduce evidence that the past litigation had a prejudicial effect or that the evidence, if presented, would have shown that the victim and his ex-wife had intentionally made a false allegation.
¶ 19. Grounds seven through nine concern the herpes tests administered to Pittman and his assertion that his counsel should have explored available defenses concerning the allegation that Pittman gave the victim herpes. We have concluded that Pittman’s alleged newly discovered evidence does not meet the test for newly discovered evidence and that, at best, it is only impeachment evidence. Further, even if counsel had presented the testimony of Dr. Hayes, Pittman has not shown that the outcome of his criminal trial would have been different, as the State presented credible evidence that the tests were reliable. Therefore, Pittman has failed to show that he was denied a fair trial.
¶ 20. Lastly, Pittman argues that his trial counsel’s attempt to advance his own pecuniary interests prevented him from zealously representing Pittman. Pittman claims that because defense counsel requested $3,000 to hire a private investigator, defense counsel was acting in his own pecuniary interest. Further, Pittman asserts that counsel’s performance at trial was merely perfunctory. However, Pittman fails to show how his counsel’s hiring an investigator benefitted counsel’s pecuniary interest more than it benefitted Pittman’s defense. Pittman merely makes a conclusory statement without showing that the request for $3,000 amounted to deficient performance or prejudiced his case. Therefore, Pittman failed to carry his burden of proof. This issue is without merit.

II. Evidentiary Hearing

¶ 21. “This Court has consistently held that there is no automatic right to an evidentiary hearing under the Mississippi Uniform Post-Conviction Collateral Relief Act” when a defendant has filed a PCR motion. Porter, 963 So.2d at 1228 (¶ 9). The trial court has discretion in determining whether to grant the PCR movant an evidentiary hearing, but the evidence in question must contest material facts in order for the defendant to be entitled to a hearing. Meeks, 781 So.2d at 114 (¶ 14).
*260 ¶ 22. Here, Pittman argues that the evidence he presented in his PCR motion to support his claims of newly discovered evidence and ineffective assistance of counsel justifies an evidentiary hearing. He further contends that there are several contested issues of material fact that should have been explored through an evi-dentiary hearing. Pittman’s alleged newly discovered evidence aims to refute the allegation that he infected the victim with herpes. However, the outcome of the case does not turn on whether Pittman infected the victim with herpes. Whether or not Pittman gave the victim herpes is not a material fact, and even if the evidence disproves that Pittman infected the victim with herpes, it will not exculpate him from the sexual-battery charges.
¶ 23. As to Pittman’s claim that he should have received an evidentiary hearing because his counsel was ineffective, we have already determined that there is no merit to the claim that his counsel was ineffective. Therefore, it follows that Pittman’s claim that he should have received an evidentiary hearing regarding his counsel’s actions is likewise without merit. Having found no merit to any of the issues raised, we affirm the judgment of the circuit court.
¶ 24. THE JUDGMENT OF THE AL-CORN COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. Inasmuch as Pittman’s conviction had been affirmed on direct appeal, he was required to obtain permission from the Mississippi Supreme Court before filing a PCR motion, which he did.