# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KA-00239-COA

CLARENCE DEJUAN ANDERSON A/K/A                    APPELLANT
CLARENCE ANDERSON

v.

STATE OF MISSISSIPPI                                             APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 11/20/2013 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS JR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ABBIE EASON KOONCE |
| DISTRICT ATTORNEY: | JOEL SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF COUNT I, POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DISTRIBUTE, AND SENTENCED AS A HABITUAL OFFENDER TO THIRTY-FIVE YEARS WITHOUT THE POSSIBILITY OF PAROLE; AND COUNT II, POSSESSION OF A WEAPON BY A CONVICTED FELON, AND SENTENCED AS A HABITUAL OFFENDER TO TEN YEARS WITHOUT THE POSSIBILITY OF PAROLE, WITH THE SENTENCES TO RUN CONCURRENTLY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS |
| DISPOSITION: | AFFIRMED – 01/12/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**JAMES, J., FOR THE COURT:**

¶1. On April 15, 2013, Anderson was indicted on one count of possession of controlled substance with intent to distribute in violation of Mississippi Code Annotated section 41-29-139(a)(1) (Supp. 2015), with an enhanced penalty under Mississippi Code Annotated section 41-29-147 (Rev. 2013), and as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015). Anderson was also indicted on one count of unlawful possession of a firearm as a convicted felon under Mississippi Code Annotated section 97-37-5 (Rev. 2015), and as a habitual offender under Mississippi Code Annotated section 99-19-81. Following a two-day trial, the jury found Anderson guilty on both counts. Anderson appeals to this Court arguing that the trial court erred by admitting certain evidence and refusing a lesser-included-offense jury instruction. He also argues that he received ineffective assistance of counsel. Finding no error, we affirm the trial court's judgment of conviction.

## FACTS AND PROCEDURAL HISTORY

¶2. On March 9, 2012, Agent Brian Sullivan, of the Mississippi Bureau of Narcotics and the Drug Enforcement Administration, received a call from a confidential informant. The informant told Agent Sullivan that while she was at a house with several individuals located at 828 26th ½ Street, Gulfport, Mississippi, she observed approximately six ounces of cocaine on a table. Agent Sullivan obtained a search warrant for the house.

¶3. Agents executed the warrant and found Anderson, a woman, and a young child inside. The agents also discovered three firearms, cocaine, and a large quantity of cash stacked on the kitchen counter. The agents brought Anderson into an empty bedroom adjacent to the

2

living room, and read him his *Miranda*[1] rights in order to question him. While speaking to Anderson, Agent Sullivan discovered crack cocaine on a shelf in the bedroom closet. It was later tested and determined to be 6.1 grams of cocaine base. Agent Adam Gibbons testified that Anderson wished to cooperate. In doing so, Anderson told the agents that he had received approximately a quarter kilogram of cocaine earlier in the day and was able to sell all of it except for the amount that was discovered in the closet. Anderson also told the agents that he was awaiting a delivery of $9,500 worth of cocaine that he had ordered from his source, Demarcus Clark a/k/a Tutu. Anderson told Agent Sullivan that the cash on the kitchen counter was proceeds from the narcotics that he had sold that day. Anderson further cooperated by riding around the area with agents showing them places where drug activities were taking place.

¶4. Agent Sullivan testified that Anderson listed 828 26th ½ Street as his address when he was booked. However, Anderson took the stand at trial and testified that he did not list that as his address, nor had he ever resided there. Anderson testified that he was living at 416 Westbury Lane in Gulfport at the time of his arrest. Anderson claimed that the house at 828 26th ½ Street belonged to an individual named Chelsea Daily, and he was babysitting there while she was at work the day of his arrest. Anderson testified that his car was being repaired, and he was dropped off there. He testified that he was unaware of any firearms or drugs in the house. He also testified that he was unaware of any "type of criminal activity" occurring at the house.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

¶5.    Anderson claimed the cash was from a tax-refund check that he had cashed. Anderson testified that he lied to agents about Tutu just to tell them something because they had asked about an individual named Tutu. However, on cross-examination Anderson admitted that he was "probably" going to meet Tutu later that day because he had given him $9,500. Anderson then testified that he was not "distributing" drugs; rather, he was "just a middleman."

¶6.    The jury found Anderson guilty on both counts, and the trial court sentenced him to thirty-five years without the possibility of parole on count one, possession of cocaine with intent, and ten years without the possibility of parole on count two, unlawful possession of a firearm by a convicted felon, with the sentences to run concurrently. Anderson filed a motion for a new trial or, in the alternative, a judgment notwithstanding the verdict. The trial court denied Anderson's motion.

¶7.    Anderson now appeals to this court raising three issues: (1) whether the trial court erred by admitting the two firearms discovered at the home, which were not identified in the indictment; (2) whether he received ineffective assistance of counsel; and (3) whether the trial court erred by refusing a requested instruction for the lesser-included offense of simple possession. Finding no error, we affirm.

**DISCUSSION**

I.    **Whether the trial court erred by the admitting the two firearms discovered at the home into evidence.**

¶8.    "A trial judge enjoys a great deal of discretion as to the relevancy and admissibility of evidence." *Fisher v. State*, 690 So. 2d 268, 274 (Miss. 1996). Unless the judge abuses

4

this discretion so as to be prejudicial to the defendant, this Court will not reverse the ruling. *Id.*

¶9.     In count two, the indictment charged Anderson, a convicted felon, with illegal possession of a Smith & Wesson 9mm handgun.  During the search of the house, two other firearms were discovered.  Anderson argues that he was "irreparably prejudiced" by the admission of the two other firearms that were not identified in the indictment.  Anderson claims that the other firearms were irrelevant, and the only purpose the prosecution had in introducing the firearms was to prejudice the jury by making Anderson appear to be a dangerous person.

¶10.    Often, direct evidence of the intent to sell illicit drugs is not available; however, there are other factors beyond the mere quantity of illicit drugs that may support a reasonable inference of intent to distribute. *Jones v. State*, 724 So. 2d 1066, 1070 (¶14) (Miss. Ct. App. 1998).  "Such factors include the possession of firearms, based on the notion that those trafficking in illegal narcotics cannot rely upon the normal processes of the law to enforce and regulate their economic activity and must, instead, be prepared to provide their own protection." *Id.* (citing *Martin v. State*, 413 So. 2d 730, 733-734 (Miss. 1982)).  Moreover, this Court has held that various items usable in drug manufacture, such as weapons and a large amount of cash, are considered consistent with the distribution of drugs. *Jenkins v. State*, 757 So. 2d 1005, 1010 (¶24) (Miss. Ct. App. 1999) (holding that these various items can be considered by the fact-finder as evidence of intent to sell).  Here, the admission of the two other firearms was not needed to prove unlawful possession of a firearm by a convicted

felon in count two of the indictment because the prosecution had offered the Smith & Wesson 9mm handgun for that purpose. However, the prosecution introduced the two other firearms that were discovered in the search, which was certainly relevant to Anderson's intent to distribute cocaine as charged in count one of the indictment. *See id.*

¶11. Anderson also argues that the other two firearms should have been excluded because they constitute "other crimes, wrongs, or acts" under Mississippi Rule of Evidence 404(b). "Under Rule 404(b), 'evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.'" *Edwards v. State*, 124 So. 3d 105, 113 (¶35) (Miss. Ct. App. 2013) (quoting M.R.E. 404(b)). However, the Mississippi Supreme Court has held that proof of another crime or act is allowed "when it is so interrelated to the charged crime that it constitutes either a single transaction or occurrence or a closely related series of transactions or occurrences." *Brown v. State*, 890 So. 2d 901, 912 (¶32) (Miss. 2004). Here, the two other firearms were found in the same master bedroom, and at the same time, as the Smith & Wesson 9mm handgun during the execution of the search warrant. The possession and discovery of the other two firearms were so interrelated to the charged crime of possession with intent to distribute cocaine that these events constituted a single transaction or occurrence. Thus, the admission of the two other firearms discovered along with the Smith & Wesson 9mm handgun at the time of Anderson's arrest did not violate Rule 404(b).

¶12. Accordingly, we find that the trial court did not abuse its discretion by determining that the two other firearms were relevant and allowing them to be admitted.

## II.    Whether Anderson received ineffective assistance of counsel.

¶13.    "Generally, a claim of ineffective assistance of counsel will only be addressed on direct appeal when (1) the record affirmatively shows ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings of fact of the trial judge." *Reynolds v. State*, 136 So. 3d 452, 456 (¶10) (Miss. Ct. App. 2014) (citing *Gill v. State*, 126 So. 3d 128, 133-34 (¶27) (Miss. Ct. App. 2013)).    This Court's review of an ineffective-assistance-of-counsel claim on direct appeal is confined strictly to the record. *Reynolds*, 136 So. 3d at 456 (¶10).  Anderson stipulated that the record is adequate for this Court to determine his ineffective-assistance-of-counsel claim without findings of fact by the trial court.

¶14.    In order to demonstrate ineffective assistance of counsel, Anderson must show (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  "In considering a claim of ineffective assistance of counsel, an appellate court must strongly presume that counsel's conduct falls within a wide range of reasonable professional assistance, and the challenged act or omission might be considered sound trial strategy." *Liddell v. State*, 7 So. 3d 217, 219-20 (¶6) (quoting *Bennett v. State*, 990 So. 2d 155, 158 (¶9) (Miss. 2008)).  "Decisions that fall within the realm of trial strategy do not amount to ineffective assistance of counsel." *Pittman v. State,* 121 So. 3d 253, 258 (¶14) (Miss. Ct. App. 2013).  "Counsel's decisions whether or not to file motions, call certain witnesses, ask certain questions, and make certain

objections fall within the definition of trial strategy." *Id.*

> **a.**      **Whether Anderson's trial counsel was constitutionally ineffective for not stipulating to Anderson's prior felony conviction.**

¶15. Anderson claims that his attorney was constitutionally ineffective because he did not stipulate to Anderson's prior felony conviction in relation to the charge of unlawful possession of a firearm by a convicted felon.

¶16. Anderson's counsel did not stipulate to Anderson's prior felony conviction in relation to the felon-in-possession-of-a-firearm charge in count two. Officer Sullivan testified that Anderson was previously convicted of a felony for possession of a controlled substance with the intent to distribute in 2006. The prior felony conviction was a necessary element of the crime of felon in possession of a firearm. A stipulation that Anderson was a felon would have been futile because the prosecution also offered that prior conviction for the purpose of proving intent in relation to the possession with intent to distribute cocaine in count one. Therefore, Anderson's counsel was not deficient for not stipulating the prior felony conviction, and Anderson suffered no prejudice as a result.

> **b.**      **Whether Anderson's trial counsel was constitutionally ineffective for not objecting to the admission of Anderson's prior drug-related felony conviction.**

¶17. Anderson also claims that his trial counsel was constitutionally ineffective for not objecting to the use of Anderson's prior drug-related felony conviction as proof of intent to distribute cocaine.

¶18. Mississippi Rule of Evidence 404(b) provides:

8

Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

M.R.E. 404(b).

¶19. Evidence of prior involvement in the drug trade is admissible to prove intent to distribute. *Holland v. State*, 656 So. 2d 1192, 1196 (Miss. 1995). Evidence of prior acts offered to show intent to distribute is not barred by Rule 404 and is properly admissible if it passes muster under Rule 403 and is accompanied by a proper limiting instruction. *Swington v. State*, 742 So. 2d 1106, 1112 (¶15) (Miss. 1999). Here, the prosecution offered evidence of the prior drug-related conviction for the purpose of proving intent to distribute. *See Campbell v. State*, 118 So. 3d 598, 603 (¶13) (Miss. Ct. App. 2012) (holding that evidence of prior drug-sale convictions is admissible under Rule 404(b) to prove intent to distribute if it passes the Rule 403 balancing test). The trial court then properly conducted a Rule 403 balancing test, and found that the probative value was not substantially outweighed by the danger of unfair prejudice. The trial court also gave a limiting instruction. Accordingly, Anderson's trial counsel was not constitutionally ineffective for not objecting to the admission of the prior felony conviction.

### III. Whether the trial court erred by refusing an instruction for the lesser-included offense of simple possession.

¶20. Anderson argues that the trial court erred by refusing his request for an instruction on the lesser-included offense of simple possession of cocaine. We disagree.

¶21. "A possession offense meets the definition of a lesser-included offense because it is

an offense necessarily committed along with the offense charged of possession with intent." *Gregory v. State*, 96 So. 3d 54, 60 (¶26) (Miss. Ct. App. 2012). While the State or defendant may request and obtain a lesser-included offense instruction, the principal requirement for giving the instruction is that there is evidence to support it. *Edwards,* 124 So. 3d at 109 (¶9). "If a rational or a reasonable jury could find the defendant not guilty of the principal offense charged in the indictment yet guilty of the lesser-included offense, then a lesser-included-offense instruction is warranted." *Gregory,* 96 So. 3d at 60 (¶27) (citing *Mease v. State*, 539 So. 2d 1324, 1330 (Miss. 1989)). However, "[a] trial court should refuse a proposed lesser-included instruction when the evidence presented could only justify a conviction of the principal charge." *Booze v. State*, 964 So. 2d 1218, 1221 (¶13) (Miss. Ct. App. 2007) (citing *Jones v. State*, 798 So. 2d 1241, 1253 (¶38) (Miss. 2001)).

¶22.     Anderson's own testimony also eliminates the possibility that he was guilty of simple possession. Initially, Anderson testified that he was unaware of any drugs or any type of criminal activity whatsoever occurring in the house. On cross-examination, however, Anderson gave the following incriminating testimony:

Q:     . . . Did you tell Agent Sullivan, I gave money to Tutu?

A:     Yes, I did. Yes, I did.

Q:     And Tutu's on the way to the house?

A:     Yes, I did.

Q:     With cocaine for me?

A:     No, not for me, but cocaine was on the way.

Q:     To the very house where you were?

A:     No, ma'am.

Q:     Where was Tutu going with the cocaine?

A:     Probably his daddy house. You know, I probably would meet him down there. But it wasn't coming there, not to that address.

Q:     So you were going to meet Tutu somewhere?

A:     Probably, yes.

Q:     Is that because the kids were in the house?

A:     No. It just because, okay, if you give somebody [$]9[,]500 for 11 ounces, okay, I gave it to him for 11 ounces, they come get it, and they gone. I'm not distributing. I'm just a middleman.

Q:     You're just the middleman?

A:     Yeah.

. . . .

Q:     Okay. And you had given money to Tutu, and he was coming with drugs for you? Y'all were going to meet somewhere?

A:     Yes, ma'am.

Q:     And . . . you don't really consider yourself the dealer because you're just the middleman?

A:     Yes, ma'am.

Q:     So who are you the middleman between, Tutu and who? Who's the guy on the other end?

A:     Just various people, you know. They'll come to me and call, and they'll ask me to get them this and get them that. They give me their money, I can do it. That's all.

11

¶23. For a jury to find Anderson guilty for simple possession, it would have to disregard Anderson's initial testimony that he was unaware of any drugs in the house as well as his admission that he was "just a middleman." Anderson cites *Perry v. State*, 637 So. 2d 871, 877 (Miss. 1994), to support his argument that he was entitled to the lesser-included-offense instruction for simple possession. However, in *Perry*, the defendant admitted to using marijuana, and the amount of marijuana found was not so large as to preclude the purpose of personal use. *Id.* Unlike *Perry*, there was no evidence presented that the cocaine was for Anderson's own personal use. No reasonable jury could have found Anderson guilty of the lesser-included offense of simple possession based on the evidence presented at trial.

¶24. The evidence presented could only justify a conviction of the principal charge of possession with intent. Thus, the trial court did not err by refusing the lesser-included-offense instruction of simple possession.

## CONCLUSION

¶25. Because Anderson's claims are without merit, we affirm the judgment of conviction entered by the trial court.

¶26. **THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY, FIRST JUDICIAL DISTRICT, OF CONVICTION OF COUNT I, POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DISTRIBUTE, AND SENTENCE AS A HABITUAL OFFENDER OF THIRTY-FIVE YEARS WITHOUT THE POSSIBILITY OF PAROLE; AND COUNT II, POSSESSION OF A WEAPON BY A CONVICTED FELON, AND SENTENCE AS A HABITUAL OFFENDER OF TEN YEARS WITHOUT THE POSSIBILITY OF PAROLE, WITH THE SENTENCES TO RUN CONCURRENTLY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, FAIR AND WILSON,**

12

**JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**